# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
_____X
LAURA PELLEGRINO AND JIM PELLEGRINO

                Plaintiffs,            INDEX NO

    -against-                       SUMMONS

BJ'S WHOLESALE CLUB, INC. and DOE
CORPORATION, INC. d/b/a BJ'S WHOLESALE
CLUB
_____X

To the above named defendants BJ'S WHOLESALE CLUB, INC. and DOE CORPORATION, INC. d/b/a BJ'S WHOLESALE CLUB 820 Pelham Parkway Pelham Manor, NY 10803.

        **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

        The basis of venue is the place of the accident and residence of the plaintiffs

        YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded in the Complaint.

Dated: January 24, 2022
        Westchester, NY

                                                FV KELLY, ESQ.
                                                Attorney for Plaintiff
                                                PO Box 325
                                                Cross River, NY 10518-0325
                                                914-310-9414
                                                fvkelly@hotmail.com

To:

BJ'S WHOLESALE CLUB, INC.

820 Pelham Parkway
Pelham Manor, NY 10803

DOE CORPORATION, INC
d/b/a BJ'S WHOLESALE CLUB, INC.
820 Pelham Parkway
Pelham Manor, NY 10803

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
———————————————————————————X
LAURA PELLEGRINO AND JIM PELLEGRINO

                Plaintiffs,              INDEX NO

    -against-                             COMPLAINT

BJ'S WHOLESALE CLUB, INC. and DOE
CORPORATION, INC. d/b/a BJ'S WHOLESALE
CLUB
———————————————————————————X

Plaintiff, by their attorneys, FV KELLY, ESQ., complaining of the defendants herein, respectfully show to the Court and allege:

1.    That at all times hereinafter mentioned, the plaintiffs were and still are residents of the County of Westchester, State of New York.

2.    Upon information and belief, that at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, INC., owned the premises at issue located at 820 Pelham Parkway, Pelham Manor, NY.

3.    Upon information and belief, that at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, INC., operated the premises at issue.

4.    Upon information and belief, that at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, INC., maintained the premises at issue.

5.    Upon information and belief, that at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, INC., managed the premises at issue.

6.    Upon information and belief, that at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, INC., controlled the premises at issue.

7. Upon information and belief, and at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, INC., was and still is a domestic corporation duly organized and existing by virtue of the laws of theState of New York, doing business in the State of New York.

8. Upon information and belief, and at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, INC., was and still is a foreign corporation doing business in the State of New York

9. Upon information and belief, and at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, INC., was and still is an unincorporated association doing business in the State of New York.

10. Upon information and belief, and at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, INC., was and still is a sole proprietorship doing business in the State of New York.

11. Upon information and belief, that at all times hereinafter mentioned, the defendant, DOE CORPORATION, INC d/b/a BJ'S WHOLESALE CLUB, INC, owned the premises at issue.

12. Upon information and belief, that at all times hereinafter mentioned, the defendant, DOE CORPORATION, INC d/b/a BJ'S WHOLESALE CLUB, INC, operated the premises at issue.

13. Upon information and belief, that at all times hereinafter mentioned, the defendant, DOE CORPORATION, INC d/b/a BJ'S WHOLESALE CLUB, INC, maintained the premises at issue.

14. Upon information and belief, that at all times hereinafter mentioned, the

defendant, DOE CORPORATION, INC d/b/a BJ'S WHOLESALE CLUB, INC, managed the premises at issue.

15. Upon information and belief, that at all times hereinafter mentioned, the defendant, DOE CORPORATION, INC d/b/a BJ'S WHOLESALE CLUB, INC, controlled the premises at issue.

16. Upon information and belief, and at all times hereinafter mentioned, the defendant, DOE CORPORATION, INC., d/b/a BJ'S WHOLESALE CLUB, INC., was and still is a domestic corporation duly organized and existing by virtue of the laws of the State of New York, doing business in the State of New York.

17. Upon information and belief, and at all times hereinafter mentioned, the defendant, DOE CORPORATION INC., d/b/a BJ'S WHOLESALE CLUB, INC., was and still is a foreign corporation doing business in the State of New York.

18. Upon information and belief, and at all times hereinafter mentioned, the defendant, DOE CORPORATION INC., d/b/a BJ'S WHOLESALE CLUB, INC., was and still is an unincorporated association doing business in the State of New York.

19. Upon information and belief, and at all times hereinafter mentioned, the defendant, DOE CORPORATION, INC., d/b/a BJ'S WHOLESALE CLUB, INC., was and still is a sole proprietorship doing business in the State of New York.

20. That on July 27, 2019 plaintiff was lawfully upon premises known as 820 Pelham Parkway, Pelham Manor, NY

21. That on July 27, 2019 plaintiff was caused to slip and fall and sustain serious, grave and permanent personal injuries as a result of said fall.

22. That on July 27, 2019, defendants and each of them, their agents, employees

and servants were negligent in the care, maintenance and management of the premises and allowed the premises to become and remain in an unsafe, dangerous, and hazardous condition.

23. That on July 27, 2019 and at all times prior defendants and each of them created said hazardous, unsafe and dangerous condition

24. That on July 27, 2019 and at all times prior defendants and each of them had actual notice of said hazardous, unsafe and dangerous condition

25. That on July 27, 2019 and at all times prior defendants and each of them had constructive notice of said hazardous, unsafe and dangerous condition

26. That on July 27, 2019 and at all times prior defendants and each of them created and or had actual and or constructive notice of said hazardous, unsafe and dangerous condition which was a trap and nuisance and a negligently maintained and improper condition, which defendants and each of them could have cured in the exercise of due care.

27. That on July 27, 2019 and at all times prior, defendants and each of them had a non-delegable duty to maintain said premises in safe, proper and careful manner and to keep the same free from defects, traps, unreasonably unsafe conditions, which were a danger to persons lawfully and properly thereupon.

28. That defendants and each of them, their agents, servants, and employees breached their duty to keep said premises safe for persons situated similarly to the plaintiff.

29. That said accident and resulting injuries to the plaintiffs were caused solely and wholly by reason of the carelessness, negligence, and recklessness of the defendants

and each of them without any negligence on the part of the plaintiffs

20. That by reason of the foregoing negligent and wrongful acts and omissions of the defendants and each of them plaintiffs have been injured and caused to suffer and will continue to suffer pain, and agony in mind and body and have been unable to attend to usual and customary duties, including work and activities of daily living and have expended and will continue to expend sums for medical and affiliated expenses, in a sum which exceeds the jurisdiction of all lower courts, which may otherwise have jurisdiction.

21. That on and before July 27, 2019 Jim Pellegrino was the lawful husband of Laura Pellegrino who at all times pertinent resided together

22. At the time of the accident complained of in the Plaintiffs' Complaint, the Plaintiffs were married and that the Plaintiffs continue to be married.

23. That as a result of the wrongful and negligent acts of the Defendants, and each of them, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

24. That all the injuries and damages were caused solely and proximately by the negligence of the Defendants.

WHEREFORE, the plaintiffs demands judgment against the defendants in excess of the

jurisdictional amounts of the lower New York State Courts, all together with the costs and disbursements of this action.

Dated: Westchester, NY
January 24, 2022

*/s/ FV Kelly*

FV KELLY, ESQ.
Attorney for Plaintiff
PO Box 325
Cross River, NY 10518-0325
914-310-9414
fvkelly@hotmail.com

To:

BJ'S WHOLESALE CLUB, INC.
820 Pelham Parkway
Pelham Manor, NY 10803

DOE CORPORATION, INC
d/b/a BJ'S WHOLESALE CLUB, INC.
820 Pelham Parkway
Pelham Manor, NY 10803