USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURA PELLIGRINO AND JIM PELLIGRINO,

                 Plaintiffs,

   -against-

BJ'S WHOLESALE CLUB, INC. and DOE
CORPORATION, INC. d/b/a BJ'S WHOLESALE
CLUB,

                 Defendants.

22-CV-4805 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

      Defendants BJ's Wholesale Club, Inc. and Doe Corporation, Inc. ("Defendants") removed this action from the Supreme Court of the State of New York, County of Westchester on June 8, 2022. (ECF No. 1.)  Counsel for Plaintiffs Laura Pelligrino and Jim Pelligrino made an appearance on December 12, 2022 (ECF No. 7). Discovery is currently ongoing and scheduled to end on October 30, 2023 (ECF No. 17).

      In their Complaint, Plaintiffs allege "serious, grave and permanent personal injuries . . ." resulting from a fall that occurred on Defendants' premises. (Compl. at ¶¶ 20-21). Plaintiffs further allege the fall was a result of Defendants' negligence in the face of their duty to maintain the safety of their premises. (*Id*. at ¶¶ 22-29). Plaintiffs did not make a numerical demand for damages in the Complaint.

      On April 28, 2022, Defendants served a Notice to Admit on Plaintiffs, requesting Plaintiffs confirm or deny the damages suffered, if proven at trial, exceed $75,000. (Defs. Notice of Removal at ¶ 8). Plaintiffs did not respond to Defendants' Notice to Admit within twenty days. (*Id.* at ¶ 9).

Defendants removed this action pursuant to 28 U.S.C. § 1441(b). (*Id*. at ¶ 11). To be removable under § 1441(b), the action must meet the requirements of 28 U.S.C. § 1332; i.e., there must be complete diversity between the parties and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a).

Defendants argue that Section 1332(a)'s amount-in-controversy requirement is met via operation of law pursuant to New York Civil Practice Law and Rules ("NYCPL") § 3123. NYCPL § 3123 provides that if a Notice to Admit goes unanswered, the allegations within are deemed admitted. Case law in this Circuit, however, indicates "even failing to respond to [a] Notice [to Admit] in its entirety would not establish the amount in controversy." *Hogue v. BJ's Wholesale Club, Inc.*, No. 22-cv-4829, 2022 WL 2256291 (S.D.N.Y. June 23, 2022); *see, also, Oakes v. Cheesecake Factory Rests.*, Inc., No. 20-CV-00269, 2020 WL 2850149, at *2 (N.D.N.Y. June 2, 2020); *Remy v. Savoie*, No. 17-CV-00663, 2017 WL 639251, *2 (E.D.N.Y. Feb. 16, 2017). Accordingly, on September 7, 2023, this Court ordered Defendants to show cause why this matter should not be remanded back to state court. (ECF No. 22).

On October 9, 2023, Defendants filed a letter in response to this Court's order. (ECF No. 24). Defendants rely on *Yong Qin Luo v. Mikel* for the proposition that where the complaint is inconclusive as to the amount in controversy, the court may consider documents outside of the pleadings. *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (citing *United Food & Commercial Works Union Local 919, AFL-CIO v. CenterMark Props. Meriden Square Inc.*, 30 F.3d 298, 305 (2d Cir. 1994); *see also*, *Jean-Louis v. Carrington Mortgage Services, LLC*, 849 F. App'x 296, 299 fn.15 (2d Cir. 2021), *Michael J. Fedenburg, Esq. v. Midvale Indemnity Company*, 515 F. Supp.3d 95, 102 (S.D.N.Y. 2021). On October 4, 2023, the Plaintiffs filed a letter demanding $1,500,000 to settle this matter. Therefore, the Court properly has subject matter

jurisdiction over this action.

Accordingly, the Court's order to show cause dated September 7, 2023 (ECF No. 22) is hereby VACATED.

Dated:   October 10, 2023                              SO ORDERED:
         White Plains, New York

_____
        NELSON S. ROMÁN
     United States District Judge